LOUIS FOSTER v. THE STATE.

1. INDICTMENT—MISNOMER.—A mistake in the name of the accused, as stated in the indictment, is not available to him by motion in arrest of judgment. The proper time to take advantage of the misnomer is before the plea of not guilty.

2. SAME—IDEM SONANS.—If the name as stated be *idem sonans* with the true name, the misspelling is immaterial; and, as a general rule, the courts do not apply a stringent construction on this subject. See the opinion for examples.

APPEAL from the County Court of Lavaca.   Tried below before the Hon. T. A. HESTER.

The material facts are stated in the opinion of the court.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

ECTOR, Presiding Judge.   The appellant was tried and convicted of the theft of a bridle, and his punishment assessed at three months' confinement in the county jail.   The only point upon which the appellant relies for a reversal of the judgment in this case is that his name is not properly set out in the indictment.   Of this he did not take advantage

by motion or plea before trial, but sought to avail himself of it by motion in arrest of judgment. The proper time to take advantage of an error of this kind is before the plea of not guilty. The motion in arrest of judgment is on the ground that he is charged with no offense in the indictment; that the indictment charges that one Louis Faster fraudulently stole, took, and carried away a certain bridle, etc., and that the true name of the defendant is Louis Foster. A variance or omission in the name of the person injured by the commission of the offense is much more serious than a mistake in the name of the defendant in an indictment, as the latter can only be taken advantage of by plea in abatement, while the former will be ground for arresting the judgment when the error appears on the face of the record, or for an acquittal when a variance arises on the trial. 1 Whart. Am. Cr. Law, sec. 256.

Our Code of Criminal Procedure provides as follows:

"Article 2937. When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and unless he suggests, by himself or counsel, that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense.

"Article 2938. If the defendant, or his counsel for him, suggest that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment amended, the style of the cause changed, so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."

These Articles of the Code were made to meet just such a state of case as is presented in the record before us.

It is also urged on the part of the state that the names Faster and Foster are *idem sonans*. The law does not take notice of orthography; therefore, if a name is misspelled, no harm to the prosecution can arise from this, provided the

name as written in the indictment is *idem sonans*, as the books express it, with the true name. It is sometimes a nice matter to determine when the names are of the same sound; and the courts do not, in this matter, hold the rule of identity with quite a strict hand. Among names which have been held to be *idem sonans* are Blackenship and Blankenship, McInnis and McGinnis, Edmindson and Edmundson, Deadema and Diadema. 1 Whart. Am. Cr. Law, sec. 597; 1 Bishop on Cr. Prec., sec. 688.

There is no statement of facts in the record.

The judgment of the court below is affirmed.

*Affirmed.*